No. 16,201.

PETERSON AND COMPANY ET AL. *v.* NOVINGER.

(214 P. [2d] 373)

Decided January 16, 1950.  Rehearing denied February 6, 1950.

Messrs. TORGESON & HALCOMB, Mr. BERNARD F. O'-BRIEN, Messrs. ROLFSON & HENDRICKS, for plaintiffs in error.

Mr. RICHARD D. DITTEMORE, for defendant in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

G. E. HENDRICKS instituted this action in the district court against Peterson and Company, a copartnership consisting of Petrus Peterson and Donald H. Peterson, and each of the partners individually. Petersons caused Roy Novinger, defendant in error, and Edwin W. Perry,

Jr., to be made third party defendants. The only parties concerned here are the Petersons, as plaintiffs in error, and Novinger, the defendant in error.

Hendricks was landlord, and third party defendant Perry was his tenant during the farming season of 1946 in the raising of potatoes. Hendricks was to receive one-fourth of the potatoes as rental and he had a mortgage on tenant Perry's three-fourth interest. The potatoes were harvested and in storage in March, 1947, when Perry, the tenant, made a personal sale of all the potatoes to the Peterson Company, and he, personally, directed one of the partners, Petrus Peterson, to make the check in payment for the potatoes to Roy Novinger, the third party defendant and defendant in error here. The potatoes were shipped by Glen Eastburn as agent for the Peterson Company. When the potatoes were received by Peterson Company, Perry requested the Peterson Company to make the check for $2,044.89 to Novinger. This check, dated March 21, 1947, was mailed by Peterson and Company to Glen Eastburn, its agent at Julesburg, Colorado, who, immediately upon receipt thereof, personally delivered the check to Perry. Perry, through a former business transaction, was indebted to Novinger in the sum of $336, which Novinger had been making efforts to collect. Perry told Novinger that the check was for potatoes he had sold Peterson and Company, that for personal reasons, he had the check made to Novinger and he requested Novinger to cash it, retain $336, and give the balance to him, Perry. The real difficulty comes through the fact that Perry wholly failed to account to Hendricks, his landlord, for any part of the proceeds of the sale of the potatoes.

Trial was had to the court, which rendered judgment in favor of plaintiff Hendricks against the Peterson Company and the partners individually in the sum of $2,044.89, with interest. The court also entered judgment in favor of the Peterson Company and the co-partners against third party defendant Perry for $2,-

044.89, with interest, and judgment in favor of Peterson Company against third party defendant Novinger in the sum of $336, with interest.

The contention of plaintiff in error may be summarized from the specification of points as claiming that the trial court erred in failing to hold Novinger, third party defendant, liable for the full amount of the money represented by the check, by his endorsement and the cashing of the check; that the court further erred in failing to apply what plaintiff in error claims is the rule, "The Payee of a check is obligated to account to the drawer of the check for it or its proceeds; and further, that the payee of the check is liable therefor to the maker thereof when the payee, without consulting the maker and procuring authority from him, endorses the check and the proceeds thereof are not applied to the purposes for which the check was drawn."

██ The record is barren of any collusion or conspiracy between Perry and Novinger, and does not show that Novinger had any knowledge of the transactions between Petersons and Perry. The evidence clearly shows that Novinger had no part in the transaction, or any information concerning the matter, except that Perry told him that he had sold some of the potatoes and had the check made to Novinger for personal reasons. Petersons are in no better position than they would be had Perry requested the check be made to him, which he then might have cashed and not accounted for the money. Novinger's good faith and his being an innocent party are unquestioned. An ordinarily prudent person in Novinger's position would have the right to assume that Petersons had received the potatoes from Perry, or a check in payment therefor would not have been issued according to Perry's instructions. At no time could he be considered as the intervening cause of the loss occasioned Petersons by Perry's default in accounting. When all of the circumstances of the case

were disclosed, Novinger admits receiving $336 from monies to which he was not entitled and stood ready and stands ready, to reimburse the Peterson Company to that extent. If the Peterson Company ventured the risk of paying for potatoes without knowing that they were being sold by the true owner and without knowing that the landlord had a lien thereon, then they did so at their peril. The fact that the payment was by check directed to be made to a party not known to the transaction, put the Peterson Company on notice of the possibility of double payment. The fact that the potatoes were paid for by check instead of cash makes no difference, because it may be assumed that Petersons would have as readily made a check to Perry or handed him the cash. If Perry then went to Novinger and paid his indebtedness to Novinger and disappeared, it certainly would not have involved Novinger, in the absence of a conspiracy between Perry and Novinger.

The facts in the cases cited by plaintiffs in error in support of their contention that the court erred in not recognizing and applying the rule as hereinbefore set out, do not harmonize with those in the case at bar. The transaction herein was not in payment by mistake, or a situation involving mispayment and is, therefore, controlled by the facts peculiar to this case.

The trial court aptly stated, "Perry and defendants created a situation which resulted in Novinger's innocent (as far as shown) participation. The Court is unable to find any reason, in law or fact, requiring a judgment against the said Novinger other than that above given."

The judgments of the trial court, being right, are, therefore, affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE HAYS concur.